UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KORE EXTREME LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>M-F ATHLETIC COMPANY, INC.,<br>RFE INTERNATIONAL LTD.,<br>REEBOK INTERNATIONAL LTD.,<br>QVC, INC.,<br>AMAZON.COM, INC.,<br>EBAY INC.,<br>JANE DOEs 1-10,<br><br>      Defendants. | **Jury Trial Demanded** |

## COMPLAINT FOR PATENT INFRINGEMENT

  This is an action for patent infringement in which Plaintiff, Kore Extreme LLC ("Kore Extreme"), through its attorneys, complains and alleges against Defendants M-F Athletic Company, Inc., RFE International Ltd., Reebok International Ltd., QVC, Inc., Amazon.com, Inc., Ebay Inc. (collectively referred to as "Defendants") and JANE DOEs 1-10 ("referred to a "Customer Defendants")(Defendants and Customer Defendants collectively identified as "All Defendants") as follows:

## THE PARTIES

1. Plaintiff, Kore Extreme LLC, is an Illinois Limited Liability Company having its principal place of business at 2023 West Carroll Avenue, #C307, Chicago, Illinois 60612.

2. Upon information and belief, Defendant M-F Athletic Company, Inc. (d/b/a Perform Better) ("PERFORM BETTER") is a Rhode Island Corporation having a principal place of business at 1600 Division Road, West Warwick, Rhode Island 02893

and whose Registered Agent is Anthony W. Cofone, Esq., 1140 Reservoir Avenue, Suite 8, Cranston, Rhone Island 02920.

3. Upon information and belief, Defendant RFE International Ltd. ("RFE") is a United Kingdom Corporation having its principal place of business at 8 Clarendon Drive, Milton Keynes MK8 8ED, United Kingdom. On information and belief, RFE may be served at the registered office at 8 Clarendon Drive, Milton Keynes MK8 8ED, United Kingdom, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

4. Upon information and belief, Defendant Reebok International Ltd. ("REEBOK") is a Massachusetts Corporation having a principal place of business at 1895 J.W. Foster Boulevard, Canton, Massachusetts 02021 and whose Registered Agent is Corporation Service Company, 84 State Street, Boston, Massachusetts 02109.

5. Upon information and belief, Defendant QVC, Inc. ("QVC") is a Delaware Corporation having a principal place of business at 1200 Wilson Drive at Studio Park, West Chester, Pennsylvania 19380 and whose Registered Agent is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

6. Upon information and belief, Defendant Amazon.com, Inc. ("AMAZON") is a Delaware Corporation having its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109 and whose Registered Agent is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

7. Upon information and belief, Defendant Ebay Inc. ("EBAY") is a Delaware Corporation having its principal place of business at 2145 Hamilton Avenue, San Jose, California 95125 and whose Registered Agent is The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

8. Customer Defendants are those individuals who purchased and used products which infringe upon at least one claim of the '216 Patent and are currently unknown to Kore Extreme. Kore Extreme will seek leave of this Court to amend it complaint to show their true names and capacities when ascertained.

## JURISDICTION AND VENUE

9. This action arises under the patent laws of the United States, Title 35 of the United States Code ("U.S.C."). This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a).

10. This Court has personal jurisdiction over All Defendants because each has used and/or induced others to use, sold, offered for sale, and/or imported products that have entered the State of Illinois, including in this District, which infringe upon at least one claim of the '216 Patent.

11. This Court has personal jurisdiction over each Defendant who owns, operates, and/or controls an Internet website, including through which infringing products may be purchased by customers in the State of Illinois and in this District by way of an interactive, online ordering system or through which infringing products may be viewed in detail inducing use.

12. This Court has personal jurisdiction over All Defendants who have used and/or induced others to use products that have entered the State of Illinois, including in this District, which infringe upon at least one claim of the '216 Patent.

13. Venue is proper in this District under 28 U.S.C. §§1391(c) and 1400(b). A substantial number of acts that are the subject of this Complaint have been committed in this District and in interstate commerce. On information and belief, All Defendants have and are currently transacting, doing and/or soliciting business in this District and/or have committed and/or induced acts of patent infringement in this District.

**PATENT-IN-SUIT**

14. On October 12, 2010, the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 7,811,216 ("the '216 Patent") entitled "Inflatable Exercise Apparatus". A copy of the '216 Patent is attached to this Complaint as Exhibit A.

15. The '216 Patent is valid and owned by Kore Extreme as reflected by the Assignment recorded at Reel 23318, Frame 51 at the USPTO.

**BACKGROUND**

16. Kore Extreme is a business specializing in the design, development, manufacture, market and sale of exercise equipment goods since at least 2008. Kore Extreme has and continues to offer for sale, market, advertise, and sell its goods. See www.koreextreme.com.

17. One of Kore Extreme's goods is an inflatable exercise apparatus according to the '216 Patent ("the KoreFit® Product"). The inflatable exercise apparatus is identified by the KoreFit® Federal registered trademark, which is owned by Kore Extreme.

18. Kore Extreme has been and continues to give notice to the public that the KoreFit® Product is a patented apparatus by marking pursuant to 35 U.S.C. § 287.

19. Kore Extreme has continuously advertised, marketed, and promoted its business including the sale of exercise equipment goods since at least 2008. Kore Extreme provided promotional products including the KoreFit® Product to various businesses, including PERFORM BETTER. (Exhibit B).

20. In addition, Kore Extreme has promoted its business and sold the KoreFit® Product at various trade shows since at least 2009. One such trade show Kore Extreme attended was the National Strength and Conditioning Association ("NSCA") 34th Annual National Conference held in Las Vegas, Nevada July 6-9, 2011 ("the NSCA Trade Show"). PERFORM BETTER also attended the NSCA Trade Show. (Exhibit C).

21.     Kore Extreme learned of a good identified as the Reebok® EasyTone® Step product, which was used, offered for sale or sold by PERFORM BETTER at the NSCA Trade Show.

22.     The Reebok® EasyTone® Step product ("the Accused Product") appears below:



23.     REEBOK is the owner of both the Reebok® and the EasyTone® Federal registered trademarks.

24.     REEBOK licenses its trademarks to third party licensees that manufacture and sell fitness equipment under the Reebok brand. One third party licensee is RFE.

25.     RFE has and is currently inducing Customer Defendants to use the Accused Product. See https://www.youtube.com/watch?v=eSA7dI5dlPc uploaded on September 12, 2011, and https://www.youtube.com/watch?v=gppN4GbDUq4 published on January 14, 2016. (Exhibit D).

26.     Upon information and belief, RFE manufactures the Accused Product in China from where it is imported into the United States. Upon information and belief, RFE has exported from China to the United States, at least once, the Accused Product to Defendants PERFORM BETTER, REEBOK, and QVC.

5

27. PERFORM BETTER has offered and/or is offering for sale the Accused Product through the website www.performbetter.com. http://www.performbetter.com/webapp/wcs/stores/servlet/Product1_10151_10752_2230468_-1?cmp=cel&trigger=ac. (Exhibit E).

28. PERFORM BETTER has offered and/or is offering for sale the Accused Product through Perform Better catalogs at least as early as 2011. (Exhibit F).

29. QVC has offered and/or is offering for sale the Accused Product through the website www.qvc.com. http://www.qvc.com/Reebok-EasyTone-Step-Total-Body-Workout-with-DVD.product.F09996.html. (Exhibit G).

30. QVC has offered and/or is offering for sale the Accused Product through television broadcasts. https://www.youtube.com/watch?v=wEthEe5Wo6g published on March 30, 2013. (Exhibit H).

31. AMAZON has offered and/or is offering for sale the Accused Product through the website www.amazon.com. http://www.amazon.com/s/ref=nb_sb_noss_1?url=search-alias%3Daps&field-keywords=reebok+easytone+step. (Exhibit I).

32. EBAY has offered and/or is offering for sale the Accused Product through the website www.ebay.com. http://www.ebay.com/sch/i.html?_from=R40&_sacat=0&_nkw=reebok+easytone+step&rt=nc&LH_BIN=1. (Exhibit J).

33. Customer Defendants use the Accused Product as induced by each Defendant.

6

## COUNT 1 - PATENT INFRINGEMENT

34. All Defendants have directly infringed and continue to infringe the '216 Patent by making, using, selling, offering to sell, and/or importing into the Northern District of Illinois, and elsewhere in the United States, products that infringe at least one claim of the '216 Patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. §271. Such products include the Reebok® EasyTone® Step product.

35. In addition to directly infringing the '216 Patent, Defendants have indirectly infringed and will continue to indirectly infringe the '216 Patent, including by actively inducing others to directly infringe the '216 Patent in violation of 35 U.S.C. §271.

36. Infringement of the '216 Patent by Defendants has been and continues to be willful and deliberate entitling Kore Extreme to enhanced damages under 35 U.S.C. §284.

37. Kore Extreme, as a proximate result of All Defendants' acts, has suffered and, if not enjoined, will continue to suffer irreparable harm, for which Kore Extreme has no adequate legal remedy.

## REQUEST FOR RELIEF

Plaintiff Kore Extreme LLC, respectfully requests this Court to enter judgment against All Defendants, granting the following relief:

a. Declare the '219 Patent is infringed by All Defendants.

b. Enjoin All Defendants, or each of their officers, agents, servants, employees that those acting in concert or participation with them, from directly or indirectly infringing any of the claims of the '216 Patent, and/or from causing or encouraging others to directly or indirectly infringe any claim of the '216 Patent.

c. Order Defendants to account for their infringement of the '216 Patent, and to pay damages under 35 U.S.C. §284, in an amount sufficient to compensate Kore Extreme for its damages arising from infringement by All Defendants, including, but not limited to, lost profits, and/or a reasonable royalty, together with prejudgment and post judgment interest, and costs.

d. Enhance damages up to treble damages under 35 U.S.C. §284, for the deliberate and willful nature of Defendants' infringement.

e. Declare this case exceptional and order All Defendants to pay Kore Extreme's costs and expenses and its reasonable attorney's fees pursuant to 35 U.S.C. §285.

f. Grant relief as this Court or a jury may deem proper, equitable, and appropriate.

## JURY DEMAND

Pursuant to Rule 38, Fed. R. Civ. P., Kore Extreme demands a trial by jury on all issues presented in this Complaint that are so triable.

Date: February 22, 2016

Respectfully submitted,

Kore Extreme, LLC

/s/ Allison M. Corder
Allison M. Corder, ARDC 6276467
Charles C. Valauskas, ARDC 6181485
Valauskas Corder, LLC
150 South Wacker Drive, Suite 1650
Chicago, Illinois 60606
(312) 673-0360 Telephone
(312) 673-0361 Facsimile

Attorneys for Plaintiff